JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02952-RGK-AFM | Date | April 29, 2020 |
|---|---|---|---|
| Title | ***RAQUEL AGUAYO v. STERLING JEWELERS INC., et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (not present) | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On February 27, 2020, Raquel Aguayo ("Plaintiff") filed a complaint against Sterling Jewelers, Inc. ("Defendant") alleging common law and state statutory claims based on sexual harassment and discrimination in the workplace.

On March 30, 2020, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In her complaint, Plaintiff seeks damages, past and future earnings and benefits, punitive damages, damages for emotional distress, and attorney fees. In support of its removal, Defendant relies primarily on an initial demand letter from Plaintiff demanding $250,000. As Defendant points out, a settlement letter is relevant evidence of the amount in controversy *if it appears to reflect a reasonable estimate of the Plaintiff's claim. Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002)(emphasis added).

Upon review of Plaintiff's demand letter, the Court finds that Defendant fails to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. In Plaintiff's letter, she

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02952-RGK-AFM | Date | April 29, 2020 |
|---|---|---|---|
| Title | ***RAQUEL AGUAYO v. STERLING JEWELERS INC., et al*** | | |

calculates $27,500 as the estimated loss of earnings. Then, Plaintiff summarily estimates $1,000,000 in damages for mental anguish and emotional distress, based on a medical recommendation for Plaintiff to spend time with family and continue seeing a Kaiser-contract psychotherapist once a week. As to punitive damages and attorney fees and costs, Plaintiff does not attempt to assign any monetary value. With $27,500 as a starting point, and no supporting evidence regarding emotional distress damages, the Court cannot find that $250,000 is a reasonable estimate of Plaintiff's claim.

As Defendant points out, Plaintiff would be entitled to statutory attorney fees if the action succeeds. However, the Court finds that Defendant has not carried its burden of showing by a preponderance of the evidence the amount of future attorney fees. At best, Defendant has provided only speculation.

As to punitive damages, such amount is also speculative, as Defendant has offered no evidentiary support.

Accordingly, the Court is not satisfied that Defendant has satisfied its burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:  
Initials of Preparer